## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RYAN WADE JOHNSTON,<br><br>Defendant. | Case No. 2:25-cr-31-2 |

## OPINION & ORDER

Defendant Ryan Wade Johnston moves to suppress the contents of a cell phone he used, which the government searched pursuant to a warrant issued by the Honorable Robert J. Krask. ECF No. 38 (motion); *see* ECF No. 40 (warrant). Because the affidavit in support of the warrant provided a substantial basis to believe the phone contained evidence of a crime or crimes identified in the application, and the good faith exception to the warrant requirement would apply, the Motion to Suppress (ECF No. 38) will be **DENIED**.

## I.    BACKGROUND

Defendant Johnston is charged with two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); one count of enticement and coercion, in violation of 18 U.S.C. § 2422(b); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). ECF No. 1. His co-defendant, Alex Tyler Buenaga, is charged with additional crimes, including seven counts of production of child pornography, in violation of 18 U.S.C. § 2251(a). The warrant application at issue in this motion identified a number of places and electronic devices to be

searched, including a Samsung cell phone seized from Defendant Johnston.[1] *See generally* ECF No. 40. While he was detained, Defendant Johnston showed investigators text messages on the Samsung phone between himself and Defendant Buenaga. *See id.* ¶ 27.

## II.    LEGAL STANDARD

### A.    Search Warrant Validity

"[E]vidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule." *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009) (citing *United States v. Calandra*, 414 U.S. 338, 347–48 (1974)) (other citation omitted). The Fourth Amendment's Warrant Clause requires that warrants (1) be issued by a neutral and detached judicial officer, (2) contain a particular description of the place to be searched and the persons or things to be seized, and (3) be based upon probable cause, supported by oath or affirmation. *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994). Probable cause refers to "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Searches and seizures carried out pursuant to warrants issued by judicial officers "carry a presumption of legality." *Anglin v. Dir., Patuxent Inst.*, 439 F.2d 1342, 1346 (4th Cir. 1971). So when a defendant challenges a probable cause determination based on a search warrant affidavit, the reviewing court does not

---

[1] The government does not dispute that Defendant Johnston has standing to challenge the warrant that authorized the search of the Samsung phone. *See* ECF No. 38 at 5–6 (briefing this issue); *see generally* ECF No. 47 (opposition).

decide *de novo* whether *it* would have granted the search warrant—it considers only whether it was reasonable for the judicial officer who issued the warrant to have done so. *United States v. Montieth*, 662 F.3d 660, 664 (4th Cir. 2011). The reviewing court must find the warrant valid unless the judicial officer who issued it lacked a "substantial basis" for finding probable cause. *United States v. Jones*, 942 F.3d 634, 638 (4th Cir. 2019).

### B.    Good Faith Exception

Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed "only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984). There are "four situations in which an officer's reliance on a search warrant would not be reasonable," such that the good faith exception does not apply:

> (1)    the [judicial officer] was misled by information in an affidavit that the officer knew was false or would have known was false except for the officer's reckless disregard of the truth;

> (2)    the magistrate wholly abandoned his detached and neutral judicial role;

> (3)    the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and

> (4)    the warrant was so facially deficient, by failing to particularize the place to be searched or the things

> to be seized, that the executing officers cannot reasonably presume it to be valid.

*United States v. Hyppolite*, 65 F.3d 1151, 1156 (4th Cir. 1995) (citing *Leon*, 468 U.S. at 923).

## III.  ANALYSIS

### A.  Search Warrant Validity

Judge Krask had a substantial basis for finding probable cause that evidence of a crime existed on the phone Defendant Johnston used, because (1) the affidavit in support of the warrant demonstrated a fair probability that the phone contained evidence of a violation of 18 U.S.C. § 2251(a) by Defendant Buenaga, Defendant Johnston, or both; and (2) the affidavit demonstrated a fair probability that the phone contained evidence that Defendant Johnston received and possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (a)(5)(B).

#### i.  *Production of Child Pornography*

Though Defendant Johnston was ultimately charged only under 18 U.S.C. §§ 2422(b) and 2252A, the affidavit supporting the search warrant contained sufficient facts to support probable cause that the Samsung phone contained evidence of using a child in production of child pornography, in violation of 18 U.S.C. § 2251(a), by Defendant Johnston, Defendant Buenaga, or both.

The Warrant Clause's particularity requirement attaches to the "place to be searched[] and the persons or things to be seized," rather than to the person who might ultimately be *charged*. U.S. Const. amend. IV; *see United States v. Besase*, 521 F.2d 1306, 1308 (6th Cir. 1975) ("The specificity required by the Fourth Amendment

4

is not as to the person against whom the evidence is to be used, but rather as to the place to be searched and the thing to be seized."); *cf. Sennett v. United States*, 667 F.3d 531, 535 (4th Cir. 2012) (The "crime a suspect is eventually charged with" is "irrelevant to the probable cause analysis."). Therefore, if the warrant for the Samsung phone was valid as to either defendant, for any crime identified in the affidavit, the evidence obtained pursuant to the warrant will not be suppressed.

The affidavit supporting the search warrant asserted:

> (1)    Defendant Buenaga produced and distributed CSAM to an undercover FBI employee ("UCE") using the encrypted messaging platform Telegram, ECF No. 40 ¶¶ 18–19;
>
> (2)    The CSAM Defendant Buenaga produced to the UCE included videos depicting "an adult male" sexually abusing a "female who appears to be between [six] months and [eight] months old," *id.*;
>
> (3)    Defendant Buenaga also sent a CSAM video in which he stated[,] "that's my budd[y's] daughter that *I* play with," *id.* (emphasis added).

Together, these facts provide a substantial basis to believe that Defendant Buenaga was the person in the videos seen sexually abusing a child.

Additionally, the affidavit stated that:

> (4)    On January 24, 2025, Defendant Buenaga told the UCE he was expecting another man, whom he met on Reddit, to come over to "share" a child, ECF No. 40 ¶ 24; and

(5)    Defendant Buenaga sent the UCE an image of himself, apparently wearing no pants, with Minor Victim One, *id.*[2]

Together with facts (1)–(3) above, this provides a substantial basis to believe that Defendant Buenaga intended to use a child to produce CSAM, with another man, on January 24, 2025.

The affidavit also claimed that:

(6)    The FBI detained Defendant Buenaga and another man—Defendant Johnston—outside Defendant Buenaga's house that same day, January 24, 2025, ECF No. 40 ¶ 25; and

(7)    Inside the house, the agents found the child Defendant Buenaga had described planning to "share," *id.*

All these facts collectively support probable cause that Defendant Buenaga, Defendant Johnston, or both intended to use the child the FBI found inside Defendant Buenaga's house to produce CSAM. *See* 18 U.S.C. § 2251(a).

Finally, the affiant reported that Defendant Johnston admitted to communicating with Defendant Buenaga using the Samsung phone, and the affidavit contains screenshots of messages between the two defendants that discuss sexually abusing a child. ECF No. 40 ¶ 27. In combination with the other facts, these assertions establish a substantial basis to believe the phone Defendant Johnston was using to communicate with Defendant Buenaga would contain evidence of his own

---

[2] The Court assumes without deciding that this image does not constitute child pornography. The import of this image is not that it *is* CSAM but that it suggests Defendant Buenaga was *preparing* to produce child pornography with the man who was coming over that day.

and/or Defendant Buenaga's plan to use the child the FBI found in the house to create CSAM, in violation of § 2251(a).

The defendant contends that while the affidavit "arguably could have supported probable cause for child molestation," it was insufficient as to the crimes the affiant actually identified. ECF No. 38 at 6–9 (relying on *United States v. Doyle*, 650 F.3d 460, 472 (4th Cir. 2011) ("evidence of child molestation alone does not support probable cause to search for child pornography")). But the affiant did not present "evidence of child molestation *alone.*" *Id.* (emphasis added). Unlike in *Doyle*, where the warrant application mentioned only a report of "pictures of nude children" (which does not comport with the definition of CSAM), the affidavit in this case included evidence of at least an actual CSAM video that appeared to show Defendant Buenaga and the six- to eight-month-old victim the FBI later found in Defendant Buenaga's house. *Doyle*, 650 F.3d at 471; ECF No. 40 ¶¶ 18–19; *see id.* ¶ 25.

The defendant also argues there was no probable cause to believe a crime was committed or attempted under 18 U.S.C. § 2242(b) because it is legally impossible for a six- to eight-month-old to be "persuaded, induced, enticed, or coerced to engage in sexual conduct," since such a young child cannot "achieve" the requisite "mental state" to "assent." ECF No. 38 at 14 (relying on *United States v. Clarke*, 842 F.3d 288 (4th Cir. 2016) (interpreting 18 U.S.C. § 2422)). But the affidavit relies on both 18 U.S.C. § 2242(b) and § 2251(a). ECF No. 40 ¶¶ 6–7. Even if the principle articulated in *Clarke* applies equally to persuading, inducing, enticing, or coercing a minor under

either statute, it does not apply to *other* means of violating § 2251.[3] Section 2251 additionally criminalizes "employ[ing]" or "us[ing] . . . any minor to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). 'Employing' or 'using' a child does not require any particular mental state on the child's part.

For these reasons, the Court finds that it was reasonable for Judge Krask to issue the warrant. *See Montieth*, 662 F.3d at 664.

### ii. *Possession and Receipt of Child Pornography*

Probable cause to believe the phone Defendant Johnston used to communicate with Defendant Buenaga would contain evidence of receipt and/or possession of *existing* CSAM is based on the similarity between how Defendant Buenaga shared CSAM with the UCE and how Defendant Buenaga communicated with Defendant Johnston. The UCE met Defendant Buenaga on Reddit; likewise, Defendant Buenaga said the person coming over on January 24, 2025, was a man he met on Reddit. ECF No. 40 ¶¶ 18, 24. After the Reddit introduction, Defendant Buenaga shared CSAM with the UCE using Telegram, which corroborated an online tip the FBI received that Defendant Buenaga distributed CSAM using Telegram. *Id.* ¶¶ 17–18. And text

---

[3] Alternatively, the Court finds that Defendant Johnston's text messages with Defendant Buenaga formed a substantial basis to believe Defendant Johnston was communicating with Defendant Buenaga as an "intermediary" with the intent to use him to induce the child victim's assent, even if the child would not have ultimately been capable of giving assent. *United States v. Clarke*, 842 F.3d 288, 298 (4th Cir. 2016) (holding that "communications with an intermediary aimed at persuading, inducing, enticing, or coercing a minor to engage in sexual activity fit within the common understanding of a criminal *attempt* that is prohibited by [18 U.S.C. §] 2422(b)") (cleaned up, emphasis added).

messages Defendant Johnston showed FBI agents between himself and Defendant Buenaga mentioned communicating through Telegram. *Id.* at 20. Together, these facts created a substantial basis to believe that Defendant Buenaga used Telegram to send CSAM to Defendant Johnston and that evidence of those communications— *i.e.*, evidence of receipt and possession of child pornography—would be found on the phone Defendant Johnston was using.

This provides independent grounds to conclude that Judge Krask's finding of probable cause was reasonable. *See Montieth*, 662 F.3d at 664.

### B.    Good Faith Exception

Even if Judge Krask's probable cause determination were improper, the evidence discovered on the Samsung phone will not be suppressed, because the good faith exception to the warrant requirement applies. Here, the defendant appears to rely on the principle that the exception does not apply where the warrant was "based on an affidavit [that was] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923 (citation omitted). He asserts that because the affidavit contained evidence of molestation but not of a child pornography crime, and because the victim described in the affidavit was too young to form the requisite mental state to sustain a charge under 18 U.S.C. § 2242(b), it was unreasonable to believe that probable cause could support the warrant. ECF No. 38 at 13, 15. But as described above, the affidavit *did* support a finding that the Samsung phone would contain evidence of receipt and/or possession of child pornography, and the facts presented established probable cause to search

for evidence of a crime under 18 U.S.C. § 2251(a). But even if that were not so, the evidence presented in the warrant application was not so clearly insufficient as to qualify for the exception the defendant points to. Therefore, the Court cannot find that the officers who executed the warrant must have lacked an "objectively reasonable belief" that it was supported by probable cause. *Leon*, 468 U.S. at 926. So even if the warrant were invalid, the good faith exception would apply.

## IV.    CONCLUSION

Accordingly, Defendant Ryan Wade Johnston's Motion to Suppress (ECF No. 38) is **DENIED**.

**IT IS SO ORDERED.**

/s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
September 29, 2025